PROB 12B  
(7/93)

Report Date: September 14, 2006

# United States District Court

## for the

### Eastern District of Washington

**Request for Modifying the Conditions or Term of Supervision with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 1 9 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

| | |
|---|---|
| Name of Offender: Daniel Lee Ogle | Case Number: 2:03CR00212-001 |
| Name of Sentencing Judicial Officer: The Honorable Robert H. Whaley | |
| Date of Original Sentence: 07/13/2004 | Type of Supervision: Supervised Release |
| Original Offense: Felon in Possession of a Firearm, 18 U.S.C. § 922(g) and 924Felon in Possession of a Firearm, 18 U.S.C. § 922(g) and 924 | Date Supervision Commenced: 06/16/2006 |
| Original Sentence: Prison - 37 Months; TSR - 36 Months | Date Supervision Expires: 06/15/2009 |

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

22   You shall reside at a residential reentry center (RRC) at Geiger Corrections Center for a period of 1 year. This placement may include a pre-release component, day reporting, and home confinement (with or without electronic home monitoring, but not to include GPS) at the direction of the CCM and USPO. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

### CAUSE

On March 31, 2006, Mr. Ogle's case was resentenced by the Court. Per special condition 14, he was ordered to reside in a community corrections center for a period of 1 year. He released to Bannum Place of Spokane on June 16, 2006. On July 31, 2006, Your Honor signed an order modifying the defendant's terms of supervision authorizing the defendant to serve a period of 1 year on home confinement, in lieu of the residential reentry center (RRC). The request for modification was made due to concerns that Bannum Place was unable to accommodate his work schedule. As a result, there were issues of conflict between the defendant and Bannum staff, and home confinement appeared a reasonable resolution to the situation.

Mr. Ogle was placed on home confinement at an approved release address on August 1, 2006. As of August 30, 2006, the defendant's telephone was disconnected and a 3-day pay or vacate notice was issued by the landlord. Mr. Ogle reported that his roommate who was leasing the apartment had left, and had been using drugs in the residence. The defendant was advised the residence was no longer approved for home confinement, and he had 2 weeks to find his own residence. He indicated he had saved enough money that he could accomplish this task.

On August 31, 2006, the defendant submitted a urine sample that tested presumptively positive for amphetamines. On September 8, 2006, results were received from Scientific Testing Laboratories confirming the sample was positive for amphetamines and methamphetamine.

Mr. Ogle has not been able to establish his own residence and has been staying temporarily with his co-worker's family. The I-90 work project has been completed, and the company's next project is located near the U.S. and Canadian border. The defendant will not be able to work on this job site due to an injury he received at work, and because he would not be able to be monitored on home confinement. Further, he is being referred for substance abuse treatment to address his relapse on methamphetamine, and will need to be available to attend required counseling sessions.

This officer has attempted to work with the defendant to maximize his opportunities to transition back into the community. Due to the fact that he no longer has an appropriate release address for home confinement, and he has relapsed by using methamphetamine, it is respectfully requested that Your Honor would return the defendant to the residential reentry center (RRC) for the remainder of the 365 days originally ordered by the Court. Bannum Place of Spokane had indicated the defendant was not welcome back at their facility. It is respectfully requested the Court authorize Mr. Ogle to serve his time at the RRC through Geiger Corrections Center.

Respectfully submitted,

by Matthew L Thompson
U.S. Probation Officer
Date: September 14, 2006

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

Signature of Judicial Officer

9/19/06
Date